Good morning, everyone. Good morning. Good morning. Good morning. The next case on the calendar is Robert Dotson versus United States of America. Good morning, everyone. Good morning, everyone. Good morning, Mr. Bailey. You're ready to proceed? Yes, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, Jeremy Bailey on behalf of the appellants. The sole issue in this case is whether the final denial letter sent by the agency complied with 2401 sub B and 39 CFR 912.9, which required the denial letter to be sent to one of three options, the claimant, their attorney, or their legal representative. Since it didn't, the district court erred in granting summary judgment on United States statute of limitations defense. In the context of these FTCA claims, it's kind of a two-step process. The claimant sends the claim form to the agency, and the agency has an opportunity to resolve the claim pre-suit. If there's no response, the claimant can wait six months and file suit. However, the government can trigger the statute of limitations by sending a final denial letter, and that triggers a six-month statute of limitations in which the suit has to be filed. Now, 2401 sets the six-month time frame, and each agency has implementing regulations on this issue. The post office is set forth at 39 CFR section 912.9, and it has all the technical requirements for the denial letter. But at issue here is that there's only three options that the notice can be sent, the claimant, the claimant's attorney, or their legal representative. In this case, the final denial letter was sent to the claimant's prior attorney, and that was the letter that the United States relied upon to prove their statute of limitations defense. According to the plain language of the statute, that does not qualify as the letter to the claimant's counsel. It's undisputed the claimant didn't get a copy of the letter, and it's undisputed. Why isn't the fact that it was attorney of record, or it was actually to the paralegal, right? So legal representative of record, why isn't that what matters as opposed to legal representative in fact? Sure, and let me be specific. The law firm that the letter was sent to, the Polisky-Mistrelli Law Firm, was completely, the whole law firm, paralegal, lawyer, everybody, they had completely ended the representation at the time that the denial letter was sent. But they were still the representative of record, correct? Well, there was no representative of record at the time that the denial letter was sent. There was one lawsuit that had been filed by attorney Youngblood of the Youngblood Law Firm. As far as the government knew, they were the representative of record. As far as the administrative proceeding. I understand. When the letter was sent, my understanding is they sent it to the plaintiff's lawyer. So let me take a step back. Mr. Youngblood was the lawyer that filed the lawsuit on behalf of the claimants in the district court. The government and the post office sent the letter to the lawyer that had previously represented the claimants during the administrative process. And the district court and the United States argued that there's essentially two types of lawyers. There's an administrative lawyer and then a litigation lawyer. But that distinction is not found in any statute, any regulation, any policy, any handbook. The statute just says send it to the lawyer, right? And the undisputed affidavit by Mr. Youngblood in the district court was that the law firm that received the final denial letter had completely terminated the representation. There was no financial involvement. There was no practical involvement. They maintained no responsibility for the case. So the United States has conflated with their knowledge of who the attorney was with who the actual attorney was. So you're talking about a regulation. You're citing the regulation that has these three, you know, legal representative, claimant, and or attorney. The actual statute says that the claim shall be finally denied by the agency in writing and sent by certified or registered mail. It actually doesn't say who you have to send it to at all. What do we do with the fact that the statute doesn't address this but the post office has adopted or the agency has adopted a regulation that specifically addresses it? Sure. Every agency has adopted a similar regulation where they've looked at the language of the statute and said in order for the denial to actually do what it's required to do, which is to give notice of the six-month clock, it's got to be sent somewhere. And the statute doesn't say where it's going to be sent. So the regulation provides that piece. And it provides a reasonable construction of that piece and says three options, the claimant, the attorney, or the legal representative. And this question, I think, I mean the question in this case is the agency interprets its regulation to be when it says legal representative, that legal representative of record in front of the agency, right? That's what they say. There was no formal. Oh, no, no. They haven't done it formally. But I mean in this case, that's how they interpret it and that's how they interpret it in practice.  But even that wouldn't be entitled to Skidmore deference because when you're looking at the purpose of the regulation, which is to provide notice, to interpret that. It's notice of the administrative claim. It's notice of the starting of the statute of limitations. On the administrative claim, you're in essence ending the administrative process. And then the notice is going out so that the clock can start running. So why is it unreasonable that the notice gets sent by certified mail to the legal representative who's on record in the administrative claim, which is what happened here? I would say two points, Your Honor. One is there's no distinction between administrative claim and the litigation portion of the claim. It's all one claim that's being brought to the agency and shepherded through the process at different stages. Yes, but the CFR says final denial of an administrative claim. Very clear. Administrative is the adjective that's modifying claim, shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. It's not involving litigation. The adjective here is administrative. And, Your Honor, to my second point on that issue, I would say once the agency has actual knowledge of a new lawyer, it's the same thing that happened when the Pauliski-Mastrilli law firm took over. There's no formal process before the agency to withdraw or you have to send in a notice that this law firm's taking over or a stipulation. The agency, when the Rywin-Alvarez firm left… The problem here was the first lawyer didn't communicate with the second lawyer. Well, I think that may be practically an issue. The second one didn't communicate with the third one. So we have some bad lawyer performance in this case, don't we? Potentially, Your Honor, but I would say… Really, if you boil it down, all this never should have happened if somebody had just communicated with somebody else. That could be true, but here we have an interesting factual situation where the first lawsuit was filed in September of 2018. It was served on October 16, 2018 by Mr. Youngblood. The agency had actual knowledge that there was a new lawyer involved in the claim, and that was the exact same process that occurred when the Pauliski firm took over. The agency now has an obligation to do what? That is the lawyer. That's the counsel. They have an obligation to do what with this new lawyer? They sent the denial letter six days after they received the service of that lawsuit. So they had actual knowledge that Mr. Youngblood was the attorney for the claimants on this particular claim and then sent the final denial letter to the prior attorneys. And he knew what the statute of limitations was, Youngblood, supposedly. He said that in his affidavit. If he had been communicating with the first lawyers, he would have known all that. That may be true, Your Honor, but the only evidence we have in the record is that he did not receive the final denial letter until January of 2020. The United States had knowledge that he was the lawyers on this claim for these claimants in this case, and the statute and the regulation doesn't provide notice to anybody other than the present counsel. The affidavit of Mr. Youngblood was unrebutted. The Pauliski-Mistrilli law firm had no further involvement in any aspect of the claim. That would include administrative or litigation. Let me ask you a question about that. I mean, so on the one hand, I think you've got a decent, equitable point that, you know, the post office knew that there had been a new lawyer in the case. But on the other hand, law firms' obligations to their clients don't disappear when they decide not to represent them anymore. I mean, this is the kind of stuff that kept me up at night when I was in private practice, that my firm might get something that was supposed to go to me and it might be directed the wrong way. I mean, why can't the post office reasonably say, look, we sent it to the lawyer that we had who was representing you at one time. If that lawyer didn't let you know that there was this significant thing that happened in your case, then it's your lawyer's fault. Two points to that, Your Honor. I would say one is that it's a difficult rule to write because if the at one time is the only guidance for the post office, where does that end up in giving actual notice to the claimant of starting a six-month statute of limitations on their claim? The whole point of the regulation is to give notice. And when, as here, the United States has actual notice of a new lawyer, why do they get to read in the word prior into the regulation and say, any prior lawyer that you had, we can go back and send the notice to them, even though we have actual notice. I mean, I think just to be fair to the post office, I mean, it's ironic that this is about mailing and the post office is the one that sent the mail. But they are saying, look, for all we know, you had one lawyer representing you in front of the agency. You had another lawyer representing you on the lawsuit. All we can go with is our records of who we have in front of the agency. I mean, why couldn't they reasonably say, look, the fact that you've got another lawyer to file a lawsuit doesn't necessarily mean to us that you didn't want us to continue treating this person as your legal representative for our administrative process. Your Honor, I see my time has expired. May I have a minute to respond to Judge Brasher's question? You may answer Judge Brasher's question. Thank you. I think the critical analysis there is that the summary judgment stage is about what evidence was on both sides. You had the evidence on the side of Mr. Youngblood saying every aspect of the claim that Pawlisky Mishrilli Law Firm had withdrew from the representation, every aspect, that would include administrative and litigation. And he had actively provided notice to the United States that he was the party. On the other side of the claim, or on the other side of the ledger, the United States presented no evidence that there was any further involvement by the other group, either in the administrative process or in the litigation process. There was zero evidence that the Pawlisky Mishrilli Law Firm was still involved. That was the dispute that was incorrectly resolved in summary judgment. Maybe those factual questions would come out, Judge Brasher, and have the plaintiff testifying. There might be some testimony about those issues that could support a ruling. But on this record, there just was no evidence to support that finding. Thank you. Thank you, Mr. Bailey. Ms. Taylor? May it please the Court, Michelle Taylor for the United States. Following up on what Judge Lagoa said, this is an administrative regulation that governs the administrative denial of claims. So it makes sense, given the context and the plain language of that regulation, that an agency acts reasonably when it sends the notice to the administrative counsel. As Judge Brasher pointed out, the fact that a claimant might also hire a federal litigator and then pursue a federal litigation doesn't tell the agency that the administrative attorney has somehow been removed from the case. Plaintiff's counsel said that the appearance of Mr. Youngblood in the case was akin to the appearance of Pawlowski, which was actually the second firm in the administrative proceeding. The first firm was Rywind. But that's actually not true. If you look how Pawlowski appears, they actually submit to the agency letters and e-mails from the plaintiffs saying, we don't want the prior firm, Ryan, to represent us anymore. So the agency at that point is on notice. We can't send the notice now to the first firm, Ryan, because we know they're not representing these plaintiffs. To answer the question, I mean, just as a practical matter, I don't know whether you, I mean, surely you don't do this specific litigation all the time, but how does one go about filing a notice of appearance in the administrative process, removing themselves from appearance? Is there any process for that? Is that regulated by anything? I don't know if there's a formal process. All I know is from the way it happened in this case, you could look at the filings where Pawlowski enters its appearance and submitted proof that the prior firm had been told by the plaintiffs to not represent them anymore. They actually had the e-mails from the plaintiffs, and there was nothing like that here when Mr. Youngblood filed his federal lawsuit. The federal lawsuit and the administrative lawsuit are two separate proceedings, and you can even see this discussed during the hearing, which is Doc 39. Mr. Youngblood himself mentions that the Pawlowski law firm referred this to him and said we're not doing these federal litigation. So his discussion of it sort of suggested this bifurcation, that at least in some cases claimants might use one attorney for the administrative process and another attorney for the federal litigation, and the agency shouldn't be required to sort of mind read and just presume based on whether. Well, there's one other factor in this case. The agency ought to be able to rely on the professional integrity and professionalism of the lawyers. Right, Your Honor. In this case. Right. Like there obviously was. It's not some secretary who's representing the plaintiff. It's a lawyer. Right, Your Honor. It was an obligation to provide duty and communication to their client. Right. Under the rules of the Florida Bar, they do. And it's called malpractice if they don't. There was a communication breakdown here for sure because we know that the notice. It's a professional breakdown. In my view, I speak for myself. Right, Your Honor. It's a total professional breakdown of the lawyers involved in this matter. So the filing of the federal lawsuit doesn't put the post office on notice that the claimants might not have two different attorneys working with them. And Mr. Youngblood also mentioned that at the hearing, Doc 39. He said, in some cases, I do work with this firm as co-counsel. Well, the agency doesn't have to guess which situation it is. Well, then the agency's got to call up both. And maybe have a mediator to decide which one is representing the plaintiff. Right. It just gets too complicated if the agency has to do anything more than send the letter to the most recent attorney who's appeared in the administrative proceeding. And so that's what happened here. The agency shouldn't have had to guess. It acted reasonably. It sent the notice to the administrative counsel. And that was exactly what the regulation, its plain language, contemplates. It's a regulation that addresses the administrative denial. So it makes sense that the lawyer in that context or the legal representative in that context is the one that appeared before the agency. The plaintiff hasn't talked about the equitable polling issues. So unless the court has any questions on that, I will just ask the court to affirm the ruling in favor of the summary judgment. Thank you, Ms. Taylor. Mr. Bailey. Thank you, Your Honor. May it please the court. The language that was used by counsel there I think is spot on. What the post office wants the regulation to say is that they are entitled to send the letter to the lawyer that appeared in the administrative proceeding. But that's not what the regulation said. As a factual matter, there was one- But it does say, counsel, it does say that. I understand what your argument is, but it specifically says, final denial of an administrative claim shall be in writing. So let's say that there was a personal injury lawsuit as well. All right. The postal worker had fallen in when they were loading the mail van. And there's a worker's comp, but they decide that instead that they're going to file a lawsuit in federal court. And they have an attorney representing them there. Are you suggesting that the postal service has to also send something to that lawyer, even though that's not an administrative claim? No, Your Honor. So in that case, you have two lawyers representing the plaintiff on the same claim. I think either lawyer would be a proper recipient of the notice. Here, when the statute is saying his attorney, and the Dictionary Act talks about the statute being used in its present tense, it has to be the claimant's present attorney or their present legal representative. It's a lawyer who is representing them on the administrative claim because a lawyer who is representing them on the administrative claim may not be the person who files a lawsuit. Absolutely, Your Honor. And that's the issue here, which is that there is a breakdown of communication between the alleged professionals who, for some reason, unbeknownst to me, I don't understand why, they failed to communicate. Absolutely, Your Honor. And the prior firm may have some issues there, but Your Honor was exactly correct with the, even if this Court adopts the split theory of the administrative claim versus the litigation claim, the only evidence on this point was the affidavit by Mr. Youngblood that even in the administrative process, Paulisti Mistry was no longer counsel. But there's no process. There's no handbook. There's no policy. There's no manual. Youngblood knew there had been a denial with a certified letter sent to the client. He did not. Otherwise, you can't file suit. Yes, Your Honor, you can. If six months passes from when the notice was sent... Oh, no, I mean beforehand. You can... Yeah, later on, yes. So let me take a step back. So in March of 2018, the claim was initially sent. Six months passed and there was no response. So Youngblood, Mr. Youngblood, had the right to file suit even there was no denial letter sent. And then when the denial letter was sent to the prior firm, again, they may have some liability for not passing that along. It was never provided to Mr. Youngblood until January of 2020. But he knew there was a prior counsel. He knew there was a prior counsel, but prior counsel in the affidavit had no involvement in any aspect... I don't care. He knew there was prior counsel and the likelihood that the letter would have been sent there. But the letter was sent... Did he pick up the phone? Did he call and say, Hi, I'm representing Jane Doe now? There's nothing... Have you received a... I understand there's nothing in the record. But again, the regulation says, final denial shall be in writing. So if I look at the modification of claim, it's administrative claim. Absolutely, Your Honor. And the Pawliski-Mistrilli law firm was no longer involved even in the administrative part of the claim. And that's in paragraph three of Mr. Youngblood's affidavit. But there's no process to withdraw in front of the agency. And what's the record evidence that the post office had notice of that? There's nothing in the record, counsel. There is nothing in the record. That the post office had notice that they were no longer representing. Because there's no process to withdraw. There's no form. There's no policy. There's no handbook where the Pawliski-Mistrilli law firm could actually tell the post office. The only way they would have notice is by being sued by Mr. Youngblood, being served with the lawsuit, and then six days later sending it to the prior firm, who the only evidence before the district court had no involvement in any aspect of the claim, either administratively or in the litigation. So we ask, Your Honor, on this record, the district court erred in granting summary judgment since there was evidence that the administrative claim was terminated. The representation on the administrative claim was terminated. There was just no way to inform the post office of that. And the district court then conflated the lack of withdrawal,  with him still being the counsel of record. Thank you. Thank you.